UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LINDA NORKAVAGE,

    Plaintiff,

vs.                                           Case No. 3:08-cv-1085-J-MCR

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 20) filed May 18, 2010. Plaintiff certifies the Commissioner has no objection to the amount sought by Plaintiff's counsel. This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits. (Doc. 19).

**A. Eligibility for Award of Fees**

      Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the

-1-

Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

1. Prevailing Party

The Judgment in this case (Doc. 19), filed on March 11, 2010, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G). Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Rule 4(a)(1)(B), Fed.R.App.P.  The plaintiff then has thirty days in which to file his or her application.  Therefore, an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on March 11, 2010, and the Petition was filed on May 18, 2010, sixty-eight days later.  Accordingly, the Court finds the Petition was timely filed.

### 3. Claimant's Net Worth

Plaintiff's counsel represents Plaintiff is not excluded from eligibility for an award under EAJA by any of the exclusions set forth in the Act. (Doc. 20, ¶5). Moreover, there is no contention that Plaintiff's net worth was in excess of $2 million at the time the Complaint was filed and thus, the Court finds Plaintiff's net worth was less than $2 million.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole. See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified. In this case, the Commissioner does not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

## B. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turn to the reasonableness of the amount of fees sought. Plaintiff requests an award of $3,413.12 in attorney's fees, representing 21.5 hours at an hourly rate of

$158.75 for the work performed on this case. (Doc. 20, p. 3). Plaintiff also seeks $350.00 (the amount of the filing fee) in costs.

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate to the hourly rate. Because the Commissioner does not oppose Plaintiff's proposed hourly rate of $158.75, the Court will adopt this rate.

The Plaintiff seeks an award based on 21.5 hours of attorney time. The Court believes 21.5 hours of attorney time is reasonable in this case. Therefore, the Court finds $3,413.12 ($158.75 x 21.5 hours) is a reasonable fee in this case. Moreover, Plaintiff will be awarded $350.00 in costs.

**C. Payment of Fees Directly to Counsel**

The Plaintiff requests, and the Commissioner agrees, that the attorney's fees be paid directly to Plaintiff's counsel. In <u>Reeves v. Astrue</u>, the Eleventh Circuit determined that the unambiguous text of the EAJA required "attorney's fees [be] awarded to the prevailing party, not the prevailing party's attorney." 526 F.3d 732, 738 (11th Cir. 2008). In <u>Reeves</u>, the question before the Court was whether an award of attorney's fees belonged to the party or the party's counsel. Here, Plaintiff has executed a Contingent Fee Agreement assigning to her attorney, any fees awarded Plaintiff pursuant to EAJA.

Because this Court does not interpret Reeves as preventing an assignment of the fees, the Court finds the fees in this case may be made payable directly to Plaintiff's counsel.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1. Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 20) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,413.12 for attorney's fees and $350.00 costs for a total award of $3,763.12.

3. The request that these fees be paid directly to Plaintiff's counsel is **GRANTED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 19th day of May, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Counsel of Record